IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| MICHAEL PRESLEY, CYNTHIA PRESLEY, and BMP FAMILY LIMITED PARTNERSHIP,<br><br>　　　　Petitioners,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Case No. 9:18-cv-80649-RLR |

## ORDER GRANTING UNITED STATES' MOTION TO DISMISS

The United States' motion to dismiss (ECF No. 7) is **GRANTED** for the reasons provided by the Eleventh Circuit in *Presley v. United States*, 895 F.3d 1284 (11th Cir. 2018), which rejects all of Petitioners' arguments. Petitioners concede that the Eleventh Circuit's decision forecloses most of their arguments but insist that the circuit court's rejection of their Right to Financial Privacy Act ("RFPA") argument was only in *dicta*. They are mistaken. *See id.* at 1292–93. And even if they were not mistaken, this Court rejects the RFPA argument for the same reasons provided by the Eleventh Circuit.[1]

---

[1] In *United States v. Powell*, 379 U.S. 48 (1964), the Supreme Court held that IRS summonses are presumptively enforceable where: 1) "the investigation will be conducted pursuant to a legitimate purpose," 2) "the inquiry may be relevant to the purpose," 3) "the information sought is not already within the [IRS's] possession," and 4) "the administrative steps required by the [Internal Revenue] Code have been followed." *Id.* at 57–58. Since then, an additional requirement—the lack of a Justice Department referral—has been added. *See* 26 U.S.C. § 7602(d)(1). The United States submitted a declaration from an IRS revenue agent attesting that all of these requirements are satisfied. *See* ECF No. 7-1. Petitioners do not challenge this.

To the extent Petitioners seek a stay pending a writ of certiorari, their request is **DENIED**. The stay factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The first and second factors "are the most critical." *Nken v. Holder*, 556 U.S. 418, 434 (2009). Because the United States is a party to the litigation, the third and fourth factors "merge" and are considered together. *Id.* at 435.

Petitioners have shown no likelihood of success on the merits, particularly now that the Eleventh Circuit has rejected their position. Meanwhile, Petitioners will not be irreparably harmed because, in the highly unlikely event they are successful in front of the Supreme Court, they would still be able to obtain effective relief without a stay. If the Supreme Court determines that the summonses were "improperly issued or enforced," it could order that the "IRS'[s] copies of the [documents] be either returned or destroyed." *Church of Scientology of California v. United States*, 506 U.S. 9, 15 (1992). As for the third and fourth factors, granting a stay would injure the United States and the public interest by adding to the delay already caused by the petition to quash.

DONE AND ORDERED in Chambers, West Palm Beach, this 6th day of November, 2018.

Robin L. Rosenberg
United States District Judge